AGINS HAAZ & SEIDEL, L.L.P.
BY: Stuart J. Agins, Esquire
Attorney I.D. No. 27819
BY: Richard S. Seidel, Esquire
Attorney I.D. No. 55801
1604 Locust Street, Third Floor
Philadelphia, PA 19103

ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DAISY LOVE,
3400 Dandale Drive, Apt. 10
Mobile, AL, 36693

       Plaintiff,

    v.

RANCOCAS HOSPITAL
Sunset Road
Willingboro, NJ 08046

and

STEVEN OXLER, M.D.
Rancocas Hospital
218-A, Sunset Road
Willingboro, NJ 08046,

and

SUNSET ROAD MEDICAL ASSOC., P.A.
911 Sunset Road
Burlington, NJ 08016-2250,

and

JOSEPH B. LEVIN, M.D.
714 E. Main Street, Suite 1-C
Moorestown, NJ 08057,

and

DOCKET NO.: 01CV5456 (SMO)

**ORIGINAL FILED**

**JUL 1 6 2002**

WILLIAM T. WALSH
CLERK

**MEDICAL MALPRACTICE
AMENDED COMPLAINT
AND JURY DEMAND**

| | |
|---|---|
| GARY D. GREENBERG, P.A.-C.<br>911 Sunset Road<br>Burlington, NJ 08016-2250,<br><br>and<br><br>JOHN DOE, MARY DOE,<br>ABC PARTNERSHIPS, and<br>XYZ CORPORATIONS,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## THE PARTIES

1.   The plaintiff, Daisy Love, currently resides at 3400 Dandale Drive, Apartment 10, Mobile, AL 36693.

2.   The defendant, Rancocas Hospital, is a medical facility duly organized and existing under the laws of the State of New Jersey and having its principal place of business at Sunset Road, Willingboro, NJ 08046.

3.   The defendant, Steven Oxler, M.D., at all times relevant to this Complaint, was a licensed medical doctor and citizen of the State of New Jersey, with his office located at Rancocas Hospital, 218-A, Sunset Road, Willingboro, NJ 08046.

4.   The defendant, Sunset Road Medical Associates, P.A., is a medical facility duly organized and existing under the laws of the State of New Jersey and having its principal place of business at 911 Sunset Road, Burlington, NJ 08016-2250.

5. The defendant, Joseph B. Levin, M.D., at all times relevant to this Complaint, was a licensed medical doctor and citizen of the State of New Jersey, with his office located at Sunset Road Medical Associates, 911 Sunset Road, Burlington, NJ 08016-2250.

6. The defendant, Gary D. Greenberg, P.A.-C., at all times relevant to this Complaint, was a licensed physician's assistant and citizen of the State of New Jersey, with his office located at Sunset Road Medical Associates, 911 Sunset Road, Burlington, NJ 08016-2250.

7. Defendants, John Doe, Mary Doe, ABC Partnerships and XYZ Corporations, are unknown at this time as is their present location.

## JURISDICTION AND VENUE

8. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between citizens of different States."

9. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. §1391(a)(1), in the District of New Jersey in that the District of New Jersey is where a substantial part of the events or omissions giving rise to the claim occurred.

10. The amount in controversy exceeds $100,000.00.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. The plaintiff incorporates by reference Paragraphs 1 through 10 of this Complaint as if the same were fully set forth at length herein.

12. At all times relevant to this Complaint, defendant Rancocas Hospital operated and/or held itself out as operating an Emergency Department and as being skilled, careful and diligent in the practice of Emergency Medicine.

13. At all times relevant hereto, defendant Rancocas Hospital was the employer of and/or held defendants Dr. Oxler, John Doe, Mary Doe, ABC Partnerships and XYZ Corporations out to the public and its patients as its employees, servants and agents.

14. At all times relevant hereto, the defendants Joseph B. Levin, M.D. and Gary D. Greenberg, P.A.-C., were the servants, agents, and/or employees of defendant Sunset Road Medical Associates, P.A., and acting within the course and scope of such agency and/or employment.

15. At all times relevant to this Complaint, the defendant Gary D. Greenberg, P.A.-C., was the servant, agent, and/or employee of defendant Joseph B. Levin, M.D., and acting within the course and scope of such agency and/or employment.

16. At all times material to this Complaint, defendants Dr. Oxler, John Doe, Mary Doe, ABC Partnerships and XYZ Corporations held themselves out to the public and to the plaintiff in particular as being servants, agents and/or employees of defendant Rancocas Hospital.

17. At all times relevant hereto, each defendant was acting by and through its agents, servants, and employees who were acting within the scope of their authority and the course of their relationship and employment to each defendant, in furtherance of each defendant's business and on behalf of each defendant.

18. At all times material to this Complaint, the defendants individually and/or collectively held themselves out to the public and to the plaintiff in particular as being the agents of each.

19. The defendants individually and/or collectively are medical professionals and/or individuals who, at all times relevant hereto, held themselves out to the public and to the plaintiff in particular as being skilled, careful and diligent in the practice of their profession.

20. On or about March 9, 2000, plaintiff, Daisy Love, was seen by the defendants, Sunset Road Medical Associates, P.A., Joseph B. Levin, M.D., and Gary D. Greenberg, P.A.-C. at which time the plaintiff was complaining of episodes of passing out and feeling very weak.

21. At the said March 9, 2000 office visit, the plaintiff was determined to have poorly controlled high blood pressure.

22. Despite plaintiff's medical condition, the plaintiff was permitted to go home.

23. On or about March 10, 2000, plaintiff, Daisy Love, was brought by ambulance to defendant Rancocas Hospital's Emergency Department, having experienced episodes of syncope, and falling, with poorly controlled high blood pressure.

24. While at defendant Rancocas Hospital's Emergency Department, the plaintiff was seen and examined by defendant Dr. Oxler.

25. While in said hospital's emergency department, the plaintiff continued to demonstrate high blood pressure.

26. While in the hospital, the plaintiff again fell while trying to stand on the floor.

27. Despite plaintiff's medical condition, the plaintiff was discharged from the defendant hospital and transferred by ambulance back to her home.

28. On or about March 12, 2000, the plaintiff was taken back to defendant Rancocas Hospital's Emergency Department and this time admitted as an inpatient.

29. When taken back to defendant Rancocas Hospital on March 12, 2000, her symptomatology included the same symptoms as presented on March 10, 2000 and, in addition, right-sided weakness, slurred speech and facial drop.

30. At the time of her admission to defendant Rancocas Hospital on March 12, 2000, it was determined that she had suffered from a stroke.

31. As a result of the stroke, and its symptoms, the plaintiff, Daisy Love, was a patient in defendant Rancocas Hospital from March 12 to March 16, 2000 at which time she was transferred to Our Lady of Lourdes Rehab for care following her stroke.

32.     Despite the extensive rehabilitation therapy that she has received, the plaintiff has sustained permanent injuries from the stroke that she suffered, including significant disability throughout the right side of her body, and difficulty in speech.

33.     After and as a direct result of the failure on the part of the defendants to care for and properly treat the plaintiff, she suffered the aforesaid injuries.

34.     The aforesaid injuries were due solely to the joint and several negligence and carelessness of the defendants, and was not due in any way to any act or failure to act on the part of the plaintiff.

35.     The Affidavits of Merit of Ira Mehlman, M.D. are attached hereto as Exhibit "A".

## COUNT I - MEDICAL NEGLIGENCE
## DAISY LOVE v. RANCOCAS HOSPITAL, STEVEN OXLER, M.D., JOHN DOE, MARY DOE, ABC PARTNERSHIPS, AND XYZ CORPORATIONS

36.     The plaintiff, Daisy Love, hereby incorporates by reference paragraphs 1 through 35 of her Complaint as if the same were fully set forth at length herein.

37.     The defendants were careless and negligent in their care and treatment of the plaintiff, which carelessness and negligence includes, but without limitation to, the following:

   (a)     Failure to properly and adequately treat the plaintiff for the condition from which she was suffering on March 10, 2000;

(b) Employing inadequate and/or inappropriate methods, techniques, and procedures in the care and treatment of the plaintiff on March 10, 2000;

(c) Failing to admit her into the defendant hospital as an inpatient, and instead discharging her to home despite her ongoing symptoms;

(d) Failure to take measures to determine whether she was subject to having a stroke;

(e) Failing to provide her with care and treatment, including medications, to prevent and/or minimize the effects of a stroke;

(f) Failure to properly and adequately train and instruct their employees and agents, real and ostensible, and failing to supervise the same;

(g) Failing to properly and fully monitor plaintiff's medical condition;

(h) Failing to properly examine and recognize plaintiff's medical condition;

(i) Failing to recognize that the plaintiff was susceptible to having a stroke in light of her symptomatology;

(j) Violating the provisions and requirements set forth in 42 U.S.C.A. §1395dd;

(k) Failing to use due care under the circumstances; and

(l) In being otherwise careless and negligent, the particulars of which are presently unknown to the plaintiff, but which may be learned through discovery procedures provided by the Federal Rules of Civil Procedure or which may be learned at the trial of this case;

-8-

38. As a result of defendants' negligence and carelessness as aforealleged, the plaintiff, Daisy Love, has suffered severe and permanent injuries, including, but without limitation to, severe shock to her nerves and nervous system, encompassing, amongst other things, the right side of her body, which injuries have in the past and will in the future cause her great pain and suffering;

39. As a direct result of the aforesaid negligence and carelessness of the defendants, the plaintiff, Daisy Love, has suffered severe physical pain, mental anguish and humiliation, all of which will continue in the future.

40. As a direct result of the aforesaid negligence and carelessness of the defendants, the plaintiff, Daisy Love, has been forced to receive medical attention and care and to expend various sums of money in an attempt to alleviate her condition, and will be obligated to expend such expenditures in the future, all to her financial loss and detriment.

41. As a direct result of the aforesaid negligence and carelessness of the defendants, the plaintiff, Daisy Love, has and will hereafter incur other financial expenses.

42. As a direct result of the aforesaid negligence and carelessness of the defendants, the plaintiff, Daisy Love, has been and will in the future be prevented from attending to her usual duties and customary daily activities, all to her loss and detriment.

43. The plaintiff, Daisy Love, demands a jury trial in this matter.

WHEREFORE, the plaintiff, Daisy Love, demands judgment against the defendants Rancocas Hospital, Steven Oxler, M.D., John Doe, Mary Doe, ABC Partnerships, and XYZ

Corporations, jointly and/or severally, for damages in excess of $100,000.00, plus interest and costs.

## COUNT II-MEDICAL NEGLIGENCE

### DAISY LOVE v. SUNSET ROAD MEDICAL ASSOCIATES, P.A., JOSEPH B. LEVIN, M.D., AND GARY D. GREENBERG, P.A.-C.

44. The plaintiff, Daisy Love, hereby incorporates by reference paragraphs 1 through 43 of her Complaint as if the same were fully set forth at length herein.

45. The defendants were careless and negligent in their care and treatment of the plaintiff, which carelessness and negligence includes, but without limitation to, the following:

(a) Failure to properly and adequately treat the plaintiff for the condition from which she was suffering on March 9, 2000;

(b) Employing inadequate and/or inappropriate methods, techniques, and procedures in the care and treatment of the plaintiff on March 9, 2000;

(c) Failing to immediately admit her into a hospital, and rather allowing her go to home despite her ongoing symptoms;

(d) Failure to take measures to determine whether she was subject to having a stroke;

(e) Failing to provide her with care and treatment, including medications, to prevent and/or minimize the effects of a stroke;

(f) Failing to properly and adequately train and instruct their employees and agents, real and ostensible, and fail to supervise the same;

(g) Failing to properly and fully monitor plaintiff's medical condition;

(h) Failing to properly examine and recognize plaintiff's medical condition;

(i) Failing to recognize that the plaintiff was susceptible to having a stroke in light of her symptomatology;

(j) Failing to use due care under the circumstances; and

(k) In being otherwise careless and negligent, the particulars of which are presently unknown to the plaintiff, but which may be learned through discovery procedures provided by the Federal Rules of Civil Procedure or which may be learned at the trial of this case;

46. As a result of defendants' negligence and carelessness as aforealleged, the plaintiff, Daisy Love, has suffered severe and permanent injuries, including, but without limitation to, severe shock to her nerves and nervous system, encompassing, amongst other things, the right side of her body, which injuries have in the past and will in the future cause her great pain and suffering;

47. As a direct result of the aforesaid negligence and carelessness of the defendants, the plaintiff, Daisy Love, has suffered severe physical pain, mental anguish and humiliation, all of which will continue in the future.

48. As a direct result of the aforesaid negligence and carelessness of the defendants, the plaintiff, Daisy Love, has been forced to receive medical attention and care

and to expend various sums of money in an attempt to alleviate her condition, and will be obligated to expend such expenditures in the future, all to her financial loss and detriment.

49. As a direct result of the aforesaid negligence and carelessness of the defendants, the plaintiff, Daisy Love, has and will hereafter incur other financial expenses.

50. As a direct result of the aforesaid negligence and carelessness of the defendants, the plaintiff, Daisy Love, has been and will in the future be prevented from attending to her usual duties and customary daily activities, all to her loss and detriment.

51. The plaintiff, Daisy Love, demands a jury trial in this matter.

WHEREFORE, the plaintiff, Daisy Love, demands judgment against the defendants Sunset Road Medical Associates, P.A., Joseph B. Levin, M.D., and Gary D. Greenberg, P.A.-C., jointly and/or severally, for damages in excess of $100,000.00, plus interest and costs.

AGINS, HAAZ & SEIDEL, L.L.P.

Date: July 15, 2002

By: _____
STUART J. AGINS, ESQUIRE
RICHARD S. SEIDEL, ESQUIRE
Attorneys for Plaintiff

## VERIFICATION

I, STUART J. AGINS, ESQUIRE, hereby verify that I am counsel for the plaintiff in the within action and that I am making this Verification on behalf of the plaintiff.

I hereby verify that the Affidavit of Merit in Support of Plaintiff's Claim for Medical Malpractice signed and attached to Plaintiff's Medical Malpractice Amended Complaint and Jury Demand is a true and correct copy. of the original. The original was filed with this Honorable Court with the original Complaint on November 27, 2001.

Counsel hereby verifies to the extent facts are alleged in the Complaint, that they are true and correct to the best of my knowledge, information and belief. Counsel understands that the statements herein are made subject to the penalty of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

Date:  July 15, 2002

_____
STUART J. AGINS

AGINS HAAZ & SEIDEL, L.L.P.  
BY: Stuart J. Agins, Esquire  
Attorney I.D. No. 27819  
1604 Locust Street, Third Floor  
Philadelphia, PA  19103

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT  
FOR THE DISTRICT OF NEW JERSEY

DAISY LOVE,  
3400 Dandale Drive, Apt. 10  
Mobile, AL, 36693

      Plaintiff,

    v.

SUNSET ROAD MEDICAL ASSOC., P.A.  
911 Sunset Road  
Burlington, NJ 08016-2250,

      and

ANDREW J. BLANK, D.O.  
911 Sunset Road  
Burlington, NJ 08016-2250,

      and

GARY D. GREENBERG, P.A.-C.  
911 Sunset Road  
Burlington, NJ 08016-2250,

      Defendants.

DOCKET NO.: _____

**MEDICAL MALPRACTICE COMPLAINT AND JURY DEMAND**

**AFFIDAVIT OF MERIT IN SUPPORT OF PLAINTIFFS' CLAIM FOR MEDICAL MALPRACTICE**

I, Ira Mehlman, M.D., of full age, upon my oath hereby depose and say:

1. I am a physician specializing emergency medicine, and licensed to practice medicine in the following states: District of Columbia, New York, and New Jersey. I have been licensed to practice medicine for thirty three (33) years. My New Jersey license number is MA68602.

2. During said time period, my practice has been substantially devoted to emergency medicine and the care and treatment of patients in an emergency setting.

3. Having reviewed the relevant aspects of the above-captioned matter, it is my opinion that there exists a reasonable probability that the care, skill and knowledge exercised by the above named defendants in their care of the plaintiff, Daisy Love, on March 9, 2000 fell outside acceptable, professional standards as was owed to Daisy Love by them.

4. I have no financial interest in the outcome of this matter.

IRA MEHLMAN, M.D.

Sworn and Subscribed to

before me this _____ day

of March, 2002.

CARMEN SILVA
NOTARY PUBLIC, STATE OF NEW YORK
NO. 41-4722477
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES 11/30/02

NOTARY PUBLIC